UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-50051-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | TO SUPPRESS |
| GILLMAN RODDY LONG, a/k/a | ) | |
| DAVE GILLMAN LONG, | ) | |
| | ) | |
| Defendant. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

Defendant, Gillman Roddy Long, is charged with three counts of aggravated sexual abuse. Mr. Long has moved to suppress statements he made to law enforcement officers in the course of the investigation of this matter. The motion was referred to the magistrate judge for the purpose of holding an evidentiary hearing.

On May 18, 2011, an evidentiary hearing was held before the magistrate judge. The hearing was continued on June 1, 2011. During the course of these hearings, the magistrate judge received testimony from Sherry Rice, the FBI agent who investigated the matter, and Dr. Ryan Nybo, a forensic psychologist who conducted a court-ordered psychological evaluation of Mr. Long. Based upon the testimony received at these hearings, the magistrate judge issued a report and recommendation finding that Mr. Long's statements to law enforcement were voluntary and not taken in violation of his constitutional rights. Mr. Long now objects.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court makes a de novo review "of those portions of the [magistrate judge's] report or specified proposed findings or

recommendations to which objection is made." See also Thomas v. Arn, 474 U.S. 140 (1985).

**FACTS**

Mr. Long objects only to one fact as set forth by the magistrate judge in the Report and Recommendation. This objection centers around the assertion that on June 11, 2009, the FBI agents "exited their vehicle" prior to speaking with Mr. Long. Mr. Long asserts that there is no evidence in the record to support that the agents "exited their vehicle." Likewise, the court does not find support for this assertion in the record. Accordingly, the court adopts the facts as set forth in the Report and Recommendation, Docket 145, with the exception of the mention of agents exiting their vehicle to speak with Mr. Long on June 11, 2009.

**DISCUSSION**

Mr. Long makes several objections to the magistrate judge's recommendation to deny his motion to suppress. First, Mr. Long objects to the magistrate judge's finding that the FBI agents' conduct was not coercive. Mr. Long argues that it was apparent to Agent Rice and her partners that Mr. Long suffered from alcoholism. Mr. Long theorizes that this knowledge was used to place Mr. Long in a position of having to submit to the interview or admit he had violated the law, ie., driving while under the influence and/or consuming alcohol on the Pine Ridge Indian Reservation. Mr. Long further contends that law enforcement exploited his alcohol problem by inquiring only as to his last drink of alcohol and failing to conduct further inquiry as to the parameters of his alcohol consumption. This contention is premised on the notion that the amount Mr. Long had consumed prior to his last drink and the length of time consuming alcohol would affect his faculties at the time of the interviews.

Finally, Mr. Long objects to the finding that his statements were voluntary. Mr. Long cites the evidence in the record indicating that his IQ is at the low end of the average range and that he is a chronic alcoholic. Mr. Long concludes that these two factors combined rendered his statements involuntary.

The Eighth Circuit has held that "'[a] statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination.'" United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004) (quoting Simmons v. Bowersox, 235 F.3d 1124, 1132 (8th Cir. 2001)). In determining whether a statement is involuntary, the court must examine the totality of the circumstances, including the "conduct of the officers and the characteristics of the accused." United States v. Muhlenbruch, 634 F.3d 987, 998 (8th Cir. 2011) (quoting LeBrun, 363 F.3d at 724).

Mr. Long first contends that his lack of education and the fact that his IQ is at the low end of the average range, in addition to his alcoholism, render his statements involuntary. The court finds, however, that Mr. Long's actions belie these assertions. See United States v. Turner, 157 F.3d 552, 555 (8th Cir. 1998). Mr. Long did not immediately acquiesce to meeting with Special Agent Rice. Rather, when Agent Rice contacted Mr. Long on May 29, 2009, Mr. Long requested that the interview be held several days later. Hearing Transcript, 4:4-8. When that day arrived, Mr. Long rescheduled the appointment for June 4, 2009. See id. at 4:12-17. But he did not appear for the June 4, 2009, interview and instead called to again reschedule the appointment. See id. at 4:20- 5:9. When he finally met with Agent Rice on June 5, 2009, Mr. Long terminated the interview after approximately 15 minutes declaring that he was feeling unwell. See id. at 15:19-25. Approximately a week later on

June 11, 2009, Mr. Long met with Agent Rice again.  See id. at 16:1-17:9-13.  This interview lasted approximately 12 minutes when Mr. Long again terminated the interview stating that he did not want to incriminate himself.  See id. at 23:14-16-25:20-21.  The record further reflects that at no time during the June 5, 2009, interview or the June 11, 2009, interview were there any indications that Mr. Long was under the influence of alcohol. See id. at 10:9-15-20:17-25.

      Mr. Long's actions indicate that neither his intelligence, education, nor alcoholism impeded his understanding of his rights.  The circumstances of these contacts between law enforcement and Mr. Long indicate that Mr. Long was aware that he did not have to speak with law enforcement at their request.  It further shows that he was aware that law enforcement did not wish to speak to him if he had been consuming alcohol.  Moreover, his willingness to terminate these interviews, as well as reschedule interviews,  further underscores that Mr. Long did not feel threatened by law enforcement and that his statements were of a voluntary nature.

      Additionally, nothing in the record indicates that the environment in which the interviews took place was coercive.  During both interviews Mr. Long was informed that he would not be placed under arrest at the conclusion of the interview.  See id. at 8:6-14-19:22-25.   Mr. Long was also told that he could terminate the interview at any time and leave.  See id.  There were no displays of weapons at any time.  See id. 13:15-21; 23:2-4.  Nor were there any threats or promises made.  See id. at 12:11-21; 22:7-17.  Neither the nature of the interview, nor the actions of law enforcement, were coercive in any way.  As a result, based upon the totality of the circumstances, the court finds that the statements made by Mr. Long were voluntary.  Accordingly, it is

ORDERED that the Report and Recommendation of the magistrate judge is adopted as amended herein and the motion to suppress (Docket 127) is denied.

Dated June 27, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE